**U.S. SHIP MANAGEMENT, INC.,**
**Plaintiff–Appellant,**

v.

**MAERSK LINE, LIMITED,**
**Defendant–Appellee.**

**Docket No. 02–7332.**

United States Court of Appeals,
Second Circuit.

Nov. 21, 2002.

Michael Marks Cohen (Terry L. Stoltz and Anne M. Friedman, of Counsel), LLP, New York, NY, for Appellant.

Stuart M. Altman (Denise E. Backhouse and Brian Herman, of Counsel), Morgan, Lewis & Bockius LLP, New York, NY, for Appellee.

Present KEARSE, SOTOMAYOR, and RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant U.S. Ship Management, Inc. ("USSM") entered a series of Time Charter agreements with defendant-appellee Maersk Line, Ltd. ("MLL"). When USSM refused to disclose certain financial information, MLL demanded arbitration on the issue of whether the Time Charters required this disclosure. An arbitration panel ruled in favor of MLL, the district court (Marrero, J.) confirmed the award, and this appeal followed.

USSM argues that Harper, the arbitrator chosen by MLL, was not qualified to serve as an arbitrator because he failed to meet the contractual requirement that "[e]ach of the . . . arbitrators shall be a commercial person knowledgeable in the operation and chartering of container vessels and the operation of scheduled container services." We disagree. USSM concedes that Harper was a "commercial man" as this Court defined the term in *W.K. Webster & Co. v. American President Lines, Ltd.*, 32 F.3d 665, 668–69 (1994). We interpret the contractual language not to require that the arbitrator obtain the specified knowledge exclusively while functioning as a commercial person, and we hold that the district court did not err in finding Harper's combined experience as a maritime lawyer and as a commercial person sufficient to satisfy the qualification clause.

USSM further argues that the arbitration award must be vacated because the arbitrators engaged in "manifest disregard of the law," *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir.1997), by ignoring the Trost and Caponiti letters from the United States Maritime Administration. Again, we disagree. Even making the extremely charitable and unlikely assumption, for the purposes of this order only, that the Trost Letter provided the type of "legal principle" which arbitrators may not disregard, *id.*, the arbitration award did not conflict with any "governing" and "clearly applicable" mandate in the Letter, *id.* (quoting *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 112 (2d Cir.1993)). The Trost Letter merely described a possible consequence of USSM disclosing the information requested. The Caponiti Letter was written after the arbitration award had issued and thus cannot have been disregarded by the arbitrators. *See id.* at 823 (requiring a showing of the arbitrators' subjective knowledge of the legal principle violated to satisfy the manifest disregard standard).

The district court's order confirming the arbitration award is therefore AFFIRMED.